UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

DORIS BURRELL and STEVEN HYMAN,

Plaintiffs,

v. Civil Action No. _____

JURY DEMANDED

FILED IN CLERKS OFFICE

MAY 29 '26 ᴘᴍ2:23 USDC MA

CITY OF WORCESTER,

Defendant.

COMPLAINT

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq.
2. Plaintiffs seek relief arising from the seizure and rapid euthanasia of their dog ("BJ") by Defendant City of Worcester, acting through its Animal Control Division, without constitutionally adequate procedural safeguards or notice.
3. Plaintiffs further allege that Defendant failed to provide reasonable accommodations to Plaintiff Doris Burrell during a critical and time-sensitive interaction involving her disability, directly contributing to the unlawful deprivation of Plaintiffs' property.

## II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.
5. This Court has civil rights jurisdiction pursuant to 28 U.S.C. § 1343.
6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all events giving rise to these claims occurred in Worcester, Massachusetts.

## III. PARTIES

7. Plaintiff Doris Burrell is a resident of Worcester, Massachusetts and is a qualified individual with a disability within the meaning of the ADA.

8. Plaintiff Steven Hyman is a resident of Worcester, Massachusetts.

9. At all relevant times, Plaintiffs were joint owners and custodians of the dog known as BJ.

10. Defendant City of Worcester is a municipal corporation organized under the laws of the Commonwealth of Massachusetts.

11. At all relevant times, Defendant acted through its Animal Control Division under color of state law.

## IV. FACTUAL ALLEGATIONS

12. On or about November 25, 2025, an incident involving a dog was reported to municipal authorities in Worcester, Massachusetts.

13. Municipal dispatch and incident records associated with this event contain material factual inconsistencies concerning the physical location and status of the dog.

14. Certain records state that the dog was located inside a second-floor apartment.

15. Plaintiffs reside in a street-level basement apartment, and the dog was temporarily outside with a dog walker at the relevant time.

16. Based on flawed and inconsistent records, Animal Control personnel responded and took custody of Plaintiffs' dog.

17. At the time of the interaction, Plaintiff Doris Burrell had recently undergone medical treatment and was physically and emotionally impaired.

18. Defendant's personnel knew or reasonably should have known of Plaintiff Burrell's condition.

19. Animal Control personnel presented Plaintiffs with an official surrender form under conditions of urgency and pressure.

20. Personnel informed Plaintiffs that the dog would be taken regardless of whether the form was signed.

21. Plaintiffs were not provided a meaningful opportunity to review the form or fully understand its legal consequences.

22. Personnel failed to disclose critical details, including whether euthanasia was imminent or likely.

23. Plaintiffs reasonably understood the form to permit alternative outcomes, including temporary custody or transfer.

24. Under these circumstances, any purported consent was not knowing, informed, or voluntary.

25. Plaintiffs were not informed of any right to a hearing, review, or challenge to the seizure or disposition of the dog.

26. Plaintiffs received no meaningful notice or opportunity to be heard before the destruction of their property.

27. On or about November 26, 2025, approximately sixteen hours after seizure, BJ was euthanized.

28. Plaintiffs received no advance notice prior to euthanasia and no opportunity to intervene or seek judicial relief.

29. No emergency circumstances requiring immediate destruction were disclosed or explained.

30. Plaintiffs later submitted public records requests regarding the incident.

31. Initial responses indicated certain records did not exist.

32. Subsequent production of records revealed inconsistencies in those representations.

33. Produced records contain contradictions, including rabies-related documentation identifying an incorrect owner.

34. Plaintiffs possess ownership-related identifying information inconsistent with portions of the produced documentation.

35. Plaintiffs transmitted formal preservation requests requiring retention of all relevant records and evidence.

36. At all relevant times, Plaintiff Doris Burrell required reasonable accommodation due to disability.

37. Defendant failed to provide reasonable accommodation, including clear explanation, meaningful review opportunity, and administrative assistance.

38. This failure materially contributed to the deprivation alleged herein.

## COUNT I 42 U.S.C. § 1983 FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS

39. Plaintiffs incorporate paragraphs 1 through 38.

40. Defendant deprived Plaintiffs of constitutionally protected property without due process of law.

41. Defendant failed to provide adequate notice and meaningful opportunity to be heard before permanently destroying Plaintiffs' property.

42. Defendant relied upon incomplete, inconsistent, and unreliable information in carrying out the deprivation.

## COUNT II MUNICIPAL LIABILITY (MONELL)

43. Plaintiffs incorporate paragraphs 1 through 42.

44. The acts and omissions described herein were caused by municipal policies, customs, practices, or failures in training and supervision attributable to Defendant.

45. These failures include inadequate procedural safeguards regarding seizure and destruction of domestic animals and failure to ensure citizen waivers are knowingly executed.

## COUNT III TITLE II OF THE ADA 42 U.S.C. § 12132

46. Plaintiffs incorporate paragraphs 1 through 45.

47. Plaintiff Doris Burrell is a qualified individual with a disability.

48. Defendant is a public entity subject to Title II.

49. Defendant failed to provide necessary reasonable accommodations during an official interaction affecting Plaintiff's legal rights and property interests.

50. This failure denied Plaintiff meaningful participation and contributed to the deprivation alleged herein.

## VIII. DAMAGES

51. Plaintiffs suffered damages including:

a. Complete property loss;

b. Emotional distress and mental anguish arising from the § 1983 violations;

c. Permanent loss of companionship.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

A. Compensatory damages as permitted by law;

B. Costs and fees as permitted by law;

C. Declaratory or equitable relief as appropriate;

D. Such additional relief as this Court deems just and proper.

## X. JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted,

Dated: *5-29-2026*

Doris Burrell, Plaintiff Pro Se 4 Henchman St Apt 4B Worcester, MA 01605 774-366-5847
mzdottiez11@gmail.com

Steven Hyman, Plaintiff Pro Se 4 Henchman St Apt 4B Worcester, MA 01605 774-441-2745